## UNITED STATES DISTRICT COURT OF
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRAVIS EMMERT, | ) | |
| | ) | |
| JOHN RONAFALVY, on behalf of | ) | |
| themselves and all others similarly | ) | |
| situated, | ) | Case No. 5:15-cv-00458-R |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLIMATE MASTER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CLIMATE MASTER, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT

Defendant Climate Master, Inc. ("Climate Master") submits this Motion to

Dismiss Plaintiffs' Complaint and Brief in Support ("Motion"). There are two bases for

Motion:

(1)     The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as Plaintiffs cannot adequately represent the putative class because the class, as defined, includes a group of  Plaintiffs who are completely absent from this matter. In the alternative, Climate Master requests the Court require Plaintiffs to refine their class allegations pursuant to Fed. R. Civ. 23(d)(1)(D) to eliminate reference to absent parties.

(2)     The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it does not contain the "short and plain statement" showing Plaintiffs are entitled to relief as required by Fed R. Civ. P. 8.

In support of its Motion, Climate Master states as follows:

1

I.      **Introduction**

Plaintiffs Travis Emmert and John Ronafalvy filed this putative class action against Climate Master and allege certain residential heat pumps manufactured by Climate Master suffer from a manufacturing defect. (Compl. at ¶ 1). While the Complaint's length, style, arguments and diagrams make it difficult to determine which allegations are important, it appears Plaintiffs seek to represent a class of purchasers of Climate Master residential units that includes both "consumers" and "contractors." *Id.* In relation to their efforts to represent contractors, Plaintiffs seek to represent a class of contractors who "have not been fully reimbursed for parts or labor costs for diagnosing and/or servicing Climate Master HVAC systems for sticking TXV's." (Compl. at ¶ 60).

Plaintiffs, however, are not contractors. Indeed, contractors are entirely absent in this proceeding. Plaintiffs fail to allege they are contractors and fail to allege they personally serviced and/or diagnosed any Climate Master unit and were damaged as a result. Therefore, Plaintiffs cannot possibly have suffered the same injury as the contractors they seek to represent. As such, Plaintiffs lack standing to represent the putative class as they cannot adequately represent the entirety of its members. The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)**.** In the alternative, Climate Master requests the Court issue an order, per Fed. R. Civ. P. 23(d)(1)(D), requiring Plaintiffs to amend the Complaint and strike the inclusion of the absent contractors from the putative class.

In addition, Climate Master requests the Court dismiss the Complaint without prejudice and instruct Plaintiffs to file an amended Complaint that complies with Fed. R.

Civ. P. 8(a)'s "short and plain statement" requirement. The Complaint does not contain a "short and plain statement" showing Plaintiffs are entitled to relief. Rather, it is 61 pages in length and contains 221 paragraphs many of which are comprised of lengthy lectures, diagrams, graphs, figures, hearsay statements and even questions. Many of the paragraphs take up nearly an entire page.  The Complaint, therefore, does not state a claim as it lacks the required "short and plain statements."

## II.     Legal Standard for Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6) Motions

### A.     Fed. R. Civ. P. 12(b)(1)

Standing to sue is a threshold jurisdictional issue that may properly be raised by a motion for dismissal under Fed. R. Civ. 12(b)(1).  *Nat'l Wastewater Systems, Inc. v. Smith*, No. CIV-10-1085-D, 2011 WL 1667478, at *1 (W.D. Okla. May 3, 2011). Climate Master's challenge to standing is a facial challenge based solely on the allegations in the Complaint. When considering such a challenge, the Court must, as with a Fed. R. Civ. P. 12(b)(6) motion, take the Complaint's allegations as true. *Carmichael v. Kellogg, Brown & Root Svcs. Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

### B.     Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) provides parties can assert the defense of "failure to state a claim upon which relief can be granted"  by motion.  Pursuant to Fed. R. Civ. 8(a)(2), "[a] pleading that states a claim for relief "***must contain***", *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief…."(emphasis added).

3

In this case, to determine if the Complaint contains the required "short and plain statement" under Fed. R. Civ. P. 12(b)(6), a court must construe the allegations in the complaint in the light most favorable to the plaintiff and determine whether the plaintiffs have stated a claim upon which relief may be granted. *Buckley Constr., Inc. v. Shawnee Civic and Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). Importantly, the notion that the short and plain statement language is only a minimum requirement, or sets the floor, has been expressly rejected by the Tenth Circuit. *Frazier v. Ortiz*, No. 06-11286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007). Thus, whether the Complaint states a claim depends on whether it contains the necessary short and plain statement not whether it contains something more.

## III.   Argument

### A.   Plaintiffs Are Not Adequate Class Representatives and Lack Standing to Sue on the Class's Behalf Because They Are Not Contractors and Could Not Have Suffered the Same Injury The Absent Contractors Have Suffered

In considering class certification, Fed. R. Civ. P. 23(a) requires analysis of four requisite elements:  numerosity, commonality, typicality, and adequacy of the named parties to represent the class. *Dollison v. American Nat'l Ins. Co.*, No. 13-CV-0100-CVE-FHM, 2013 WL 1944891, at *9 (N.D. Okla. May 9, 2013).  To have standing to sue on a class's behalf, the plaintiff must be an adequate class representative. *Id.*  It is well settled that an adequate class representative must be a part of the class and "possess the same interest and suffer the same injury" as the class members. *East Texas Motor Freight System, Inc. v. Rodriquez*, 431 U.S. 395, 403 (1977).

In this case, Plaintiffs' seek to represent a nationwide class defined as follows:

4

> All persons and/or entities who purchased ClimateMaster
> HVAC systems utilizing 410A refrigerant, POE oil, and
> Thermal Expansion Valves ("TXV"), ***and all licensed
> contractors*** who have not been fully reimbursed for parts or
> labor costs for diagnosing and/or servicing ClimateMaster
> HVAC systems for sticking TXVs.

(Compl. at ¶ 60)(emphasis added).

In the alternative, "Plaintiffs assert claims on behalf of a class of consumers ***and
contractors*** form[sic] their respective home states…." (Compl. at 60)(emphasis added).

Plaintiff Emmert seeks to represent the Minnesota class defined as follows:

> All persons and/or entities in Minnesota who purchased
> ClimateMaster HVAC systems utilizing 410A refrigerant,
> POE oil, and Thermal Expansion Valves ("TXV"), ***and all
> licensed contractors*** who have not been fully reimbursed for
> parts or labor costs for diagnosing and/or servicing
> ClimateMaster HVAC systems for sticking TXVs.

*Id.*(emphasis added).  Plaintiff Ronafalvy seeks to represent the Minnesota class defined
as follows:

> All persons and/or entities in Pennsylvania who purchased
> ClimateMaster HVAC systems utilizing 410A refrigerant,
> POE oil, and Thermal Expansion Valves ("TXV"), ***and all
> licensed contractors*** who have not been fully reimbursed for
> parts or labor costs for diagnosing and/or servicing
> ClimateMaster HVAC systems for sticking TXVs.

*Id.*(emphasis added).

Plaintiffs describe themselves as purchasers of certain Climate Master residential

units. (Compl. at ¶¶ 26, 27). In fact, Plaintiffs allege that they paid money to others,

presumably contractors they seek to represent, to have the Climate Master units serviced.

*Id*. But Plaintiffs do not allege either of them suffered the injuries they claim the absent

contractors have suffered. Plaintiffs do not allege either of them personally diagnosed and/or serviced the Climate Master units. They do not allege they have not been fully reimbursed for the parts or labor costs incurred performing diagnostic activities or services. And, they do not allege they, like the absent contractors, have "been forced by Climate Master to choose between their short-term financial requirements and potential serious long-term reputational consequences of charging customers to replace a TXV in equipment that should have been working perfectly but was not due to a manufacturing defect." (Compl. at ¶ 12).

In short, Plaintiffs do not allege they have suffered the same type of injuries as the contractors they seek to represent. Therefore, Plaintiffs cannot adequately represent the contractors and thus do not have standing to act on their behalf. Thus, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

In the alternative, Climate Master moves the Court to issue an order requiring Plaintiffs to dismiss or strike the reference to the absent contractors within their class definition. Rule 23(d)(1)(D) provides the Court may "require that the pleading be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly. *Dollison,* 2013 WL 1944891 at *9. This rule gives the Court authority to strike or dismiss class allegations before discovery if it is apparent from the plaintiff's complaint that the class cannot be certified. *Id*. As Plaintiffs are not adequate class representatives for a class that includes contractors, the class, as currently defined,

cannot be certified and the Court has authority therefore to strike or dismiss the class

allegations referring to contractors.[1]

### B. The Complaint Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6) Because it Violates Fed. R. Civ. P. 8(a)(2)

A pleading that states a claim for relief "'***must contain***'…a 'short and plain

statement' of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2)(emphasis added).  The short and plain statement rule is a *de minimus* requirement,

compelling the plaintiff only to give his opponents "'fair notice of what the plaintiff's

claim is and the ground upon which it rests.'" *Frazier*, 2007 WL 10765 at *2. Rule 8(a)

requires the pleading contain no more than a "short and plain statement." *Id.* The 61 page

Complaint containing 221 paragraphs, many of which take up nearly an entire page, fails

to comply with Fed. R. Civ. P. 8(a)(2) and thus does not state a claim for relief.

A brief review of portions of the Complaint highlights its failure to comply with

the "short and plain statement" requirement. Many of the 221 paragraphs contain more

than three sentences each (many of the run-on variety) and span more than 8 lines.

(Compl. at ¶¶ 1,2,7,9,10, 11,12,15, 17 (16 lines long), 19, 21, 23, 27, 34, 35, 37,

41,43,53, 54, 56,62,67).  Paragraph 12 is a good example of the failure to comply with

the "short and plain statement requirement:

> 12.    Rather than replace the defective systems which
> contained contaminants that were causing the TXV to stick,
> ClimateMaster generally provided replacement TXVs (*i.e.*,
> the part itself) under warranty, but refused to pay the
> significant labor and material costs involved in replacing the

---

[1] Climate Master cannot yet make a determination whether the Plaintiffs are adequate class representative for the putative class should it be re-defined to exclude contractors.

TXVs or otherwise remedy the underlying defect.  Moreover, since labor is not covered under ClimateMaster's warranty, either the consumer was forced to bear the substantial labor and material costs, or, more often than not, the contractor who installed the brand new system just weeks or months previously was forced to replace the TXV at their own expense, or else risk serious reputational harm to their business.  How could a contractor, who had been paid several thousand dollars to install a new system weeks, or even a few months ago, in good conscience charge the customer several hundred or thousands of dollars more to replace a TXV that failed due to as a result[sic] of a manufacturing defect? Contractors have been forced by ClimateMaster to choose between their short-term financial requirements and potential serious long-term reputational consequences of charging customers to replace a TXV in equipment that should have been working perfectly but was not due to a manufacturing defect.

(Comp. at ¶ 12). In addition to paragraphs like 12, the Complaint also contains a series of figures and diagrams that Plaintiffs claim are facts. For example, paragraph 37, which itself contains five sentences, includes the following diagram which purports to illustrate how a heat pump operates:



(Compl. at ¶ 37). While figures and diagrams may be helpful to explain certain processes to a trier-of-fact, they certainly are not a "short and plain statement." Moreover, the inclusion of a diagram represented as a fact in a pleading creates unnecessary, extensive and non-productive work on the part of the responding party. In this instance, Climate Master, if forced to respond to paragraph 37, would have to address the diagram, the placement of the components on the diagram, the location of the arrows, the scale of the components, the descriptions, etc. This is not something Climate Master should be required to perform.

In addressing pleadings such as the Complaint in this case, perhaps the court in *Silver v. Queen's Hospital* said it best:

> When attorneys admitted to practice in Federal courts prepare complaints, neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of the claims asserted can be found in such a mélange.  It is the duty and responsibility of experienced counsel, to state those essentials in short, plan and nonredundant allegations.

53 F.R.D. 223, 226(D. Hawai'i 1971). The Complaint at issue requires Climate Master and its counsel to do exactly what the court in *Silver* held it should not have to do. As such the Complaint should be dismissed. In the alternative, Climate Master respectfully requests the Court require the Plaintiffs to file an amended complaint that complies with Fed. R. Civ. P. 8.

**IV.     Conclusion**

For all the reasons set forth above , Climate Master respectfully requests that the Plaintiffs' Complaint be dismissed or, in the alternative, that Plaintiffs be required to file an amended complaint that complies with Fed. R. Civ. P. 8 and refine its class definitions to eliminate reference to absent contractors.

Respectfully submitted,

J. Michael Grier  OK Bar# 20916
Kyle M. Bogdan
Warden Grier LLP
420 Nichols Road, Suite 200
Kansas City, MO 64112
Phone:  (816) 877-8100
Fax: (816) 877-8179
mgrier@wardengrier.com
kbogdan@wardengrier.com
*Attorneys for Climate Master, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2015, the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to those parties designated to receive notification and by electronic mail.

*Attorney for Climate Master, Inc.*