# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS EMMERT and JOHN RONAFALVY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  CASE NO. CIV-15-458-R ) |
| CLIMATEMASTER, INC., | ) ) |
| Defendant. | ) |

## ORDER

Plaintiffs filed this putative class action alleging a number of claims against Defendant related to alleged defects in certain HVAC compressors manufactured by Defendant. Defendant filed a Motion to Dismiss (Doc. No. 14). Defendant contends dismissal is appropriate pursuant to Rule 12(b)(1) because the named Plaintiffs cannot adequately represent the putative class and that the Complaint is too detailed and contains extraneous allegations in violation of Rule 8, which requires only a short and plain statement showing that a plaintiff is entitled to recover. Plaintiffs responded in opposition to the motion and alternatively therein sought leave to amend, should the Court determine the Complaint insufficient. Having considered the parties' submissions, the Court finds as follows.

Defendant first contends that Plaintiffs, who were consumers of Defendant's HVAC units who incurred significant costs to repair their allegedly defective units, cannot serve as class representatives for contractors who incurred such costs. Defendant's challenge to the

appropriateness of named Plaintiffs as representatives of the putative class is more appropriately raised when the Court considers whether certification of the class is appropriate. Defendants do not object that either named Plaintiff lacks standing to pursue their individual claims, rather, Defendant is challenging whether typicality exists between named Plaintiffs and members of the class whose losses may have resulted from their role as contractors rather than consumers. Presumably the Court will be called upon to address the propriety of certifying this action for class treatment, and at that time will assess whether "the absent proposed class members are adequately represented by evaluating whether the named plaintiff's interests are sufficiently aligned with the class' interest." *Anderson Living Trust v. WPX Energy Production, LLC*, 306 F.R.D. 312 (D.N.M. 2015). The Court finds that Plaintiffs have standing to pursue their individual claims, and the issue of class treatment and whether consumer plaintiffs can serve as adequate representatives for contractors who suffered financial losses due to Defendant's allegedly defective product will be made during certification proceedings.[1]

Defendants further contend the complaint, which is sixty-one pages with 221 paragraphs, contains too much information. Rule 8(a) of the Federal Rules of Civil Procedure requires "short" and "plain" in providing the requisite level of detail for a Complaint. Fed.R.Civ.P. 8(a)(2). These words reflect that the central purpose of federal pleading

---

[1] Defendant cites to Rule 23(d)(1)(D), which permits the Court to strike or dismiss class allegations before discovery if it is apparent that a class cannot be certified. The Court cannot conclude at this stage that class action treatment would be inappropriate. Although the Complaint currently identifies contractors and consumers separately, such distinction may ultimately prove irrelevant if the class is redefined as persons or entities incurring costs to remediate HVAC units with defective TXVs.

standards is to provide notice of the plaintiff's claims and the basic grounds for those claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court has no difficulty construing Plaintiffs' claims. However, certain paragraphs of the Complaint are redundant, and therefore subject to being stricken *sua sponte* by the Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Therefore, the Court hereby strikes paragraphs 32 through 58 of the Complaint. As a result, Defendant's contention that Plaintiffs' improperly included too much detail in their allegations is rendered irrelevant, and the motion to dismiss is denied in this regard.

For the reasons set forth herein, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 24th day of August, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE